**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**

MICHAEL KITCHEN, #189265

    Plaintiff,

v.

CORIZON HEALTH, INC. et al.

    Defendants.

Case No: 1:16-cv-01068
District Judge: Janet T. Neff
Magistrate Judge: Phillip J. Green

| | |
|---|---|
| MICHAEL KITCHEN, #189265<br>Earnest C. Brooks Correctional Facility<br>2500 S. Sheridan Drive<br>Muskegon Heights, MI 49444<br>*Pro Se Plaintiff*<br><br>MICHIGAN DEPT. OF ATTORNEY GENERAL<br>Adam Paul Sadowski (P73864)<br>Attorney for MDOC Defendants<br>P.O. Box 30736<br>Lansing, MI 48909<br>(517) 373-6434<br>sadowskia@michigan.gov | CHAPMAN LAW GROUP<br>Ronald W. Chapman Sr., M.P.A.,<br>LL.M. (P37603)<br>Carly Van Thomme (P59706)<br>Patrick L. Klida (P78737)<br>Attorneys for Defendant Corizon Health, Inc.,<br>Corey Grahn, N.P., and Andrea Lindhout N.P.<br>1441 West Long Lake Rd., Suite 310<br>Troy, MI 48098<br>(248) 644-6326<br>rchapman@chapmanlawgroup.com<br>cvanthomme@chapmanlawgroup.com<br>pklida@chapmanlawgroup.com |

**DEFENDANTS CORIZON HEALTH, INC.; COREY GRAHN, N.P.; AND ANDREA LINDHOUT, N.P.'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**

    NOW COME Defendants, CORIZON HEALTH, INC.; COREY GRAHN, N.P.; and ANDREA LINDHOUT, N.P., through their attorneys, CHAPMAN LAW GROUP, and for their Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6), state as follows:

    1.    On or about August 29, 2016, Plaintiff filed his Complaint, naming Defendants herein, alleging deliberate indifference to his medical needs under 42 U.S.C. § 1983. (**PageID.1-27**)

    2.    Specifically, Plaintiff alleges that he has not been provided with timely and/or appropriate medical treatment for his asthma. **(PageID.15-26)**

3.     Plaintiff also brings claims for negligence (Count VI), and intentional infliction of emotional distress (Count VII).  **(PageID.24-25)**.

4.     In Count I, Plaintiff brings a deliberate indifference claim against Corizon alleging that Corizon "owed a duty to Michigan's prisoner population including Kitchen to exercise reasonable care and to provide sufficient medical services for the health, safety and welfare of these prisoners' serious medical needs." **(PageID.17, ¶ 109)**. Plaintiff further alleges that Corizon "deliberately and intentionally failed to meet that duty when it implemented policies, rules, regulations, customs, practices, or orders, and/or impliedly authorized, approved of, or knowingly acquiesced in the orders or actions of their employees as previously described, intended to lessen Kitchen's access to . . . medication designed to treat Kitchen for his asthma or COPD. **(PageID.17-18, ¶ 110)**.

5.     In Count V, Plaintiff brings a claim against Corizon alleging that Corizon is vicariously liable for the allegedly tortious acts of Defendants Grahn and Lindhout. **(PageID.23-24)**.

6.     Count VI of Plaintiff's Complaint alleges that Defendants owed Plaintiff "a duty to use reasonable care in administering medical services" and that Defendants breached their duty by allegedly "failing to permit Kitchen's access to medication needed to treat" his asthma and COPD. **(PageID.24, ¶¶ 134-137)**.

7.     In Count VII, Plaintiff brings a claim for Intentional Infliction of Emotional Distress against all of the Defendants pursuant to "Michigan's common law." **(PageID.25, ¶¶ 138-141)**.

8.     Defendants were not able to confer with Plaintiff in person or via telephone regarding the basis of this Motion and whether Plaintiff would concur with the relief requested,

as Plaintiff is an in pro per prisoner and cannot be reached by telephone; however, Defendants have corresponded with Plaintiff regarding these matters. (**Exhibit A**)

WHEREFORE, Defendants CORIZON HEALTH, INC.; COREY GRAHN, N.P.; and ANDREA LINDHOUT, N.P., respectfully requests that this Honorable Court grant Defendants' Motion, dismiss all of the claims against Corizon, and Counts VI and VII with prejudice, and provide any and all such other relief as the Court deems just and equitable.

|  |  |
|---|---|
|  | Respectfully submitted,<br>CHAPMAN LAW GROUP |
| Dated: May 26, 2017 | /s/Ronald W. Chapman Sr.<br>Ronald W. Chapman Sr., M.P.A., LL.M. (P37603)<br>Carly Van Thomme (P59706)<br>Patrick L. Klida (P78737)<br>Attorneys for Defendants Corizon Health, Inc.; Corey Grahn, N.P.; and Andrea Lindhout, N.P.<br>1441 West Long Lake Rd., Suite 310<br>Troy, MI 48098<br>(248) 644-6326<br>rchapman@chapmanlawgroup.com<br>cvanthomme@chapmanlawgroup.com<br>pklida@chapmanlawgroup.com |

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN**

MICHAEL KITCHEN, #189265

    Plaintiff,

v.

CORIZON HEALTH, INC. et al.

    Defendants.

Case No: 1:16-cv-01068
District Judge: Janet T. Neff
Magistrate Judge: Phillip J. Green

| | |
|---|---|
| MICHAEL KITCHEN, #189265<br>Earnest C. Brooks Correctional Facility<br>2500 S. Sheridan Drive<br>Muskegon Heights, MI 49444<br>*Pro Se Plaintiff*<br><br>MICHIGAN DEPT. OF ATTORNEY GENERAL<br>Adam Paul Sadowski (P73864)<br>Attorney for MDOC Defendants<br>P.O. Box 30736<br>Lansing, MI 48909<br>(517) 373-6434<br>sadowskia@michigan.gov | CHAPMAN LAW GROUP<br>Ronald W. Chapman Sr., M.P.A.,<br>LL.M. (P37603)<br>Carly Van Thomme (P59706)<br>Patrick L. Klida (P78737)<br>Attorneys for Defendant Corizon Health, Inc.,<br>Corey Grahn, N.P., and Andrea Lindhout N.P.<br>1441 West Long Lake Rd., Suite 310<br>Troy, MI 48098<br>(248) 644-6326<br>rchapman@chapmanlawgroup.com<br>cvanthomme@chapmanlawgroup.com<br>pklida@chapmanlawgroup.com |

**BRIEF IN SUPPORT OF DEFENDANTS CORIZON HEALTH, INC.; COREY GRAHN, N.P.; AND ANDREA LINDHOUT, N.P.'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**

**PROOF OF SERVICE**

## **TABLE OF CONTENTS**

**Page**

INDEX OF AUTHORITIES ................................................................................................... iii

INDEX OF EXHIBITS ........................................................................................................... iv

STATEMENT OF ISSUES PRESENTED ................................................................................v

CONTROLLING/APPROPRIATE AUTHORITY FOR RELIEF SOUGHT ............................. vi

STATEMENT OF FACTS .......................................................................................................1

LEGAL STANDARD ..............................................................................................................2

LEGAL ARGUMENT .............................................................................................................2

CONCLUSION........................................................................................................................7

# INDEX OF AUTHORITIES

**Cases**

*Adam v. Sisters of Bon Secours Nursing Care Ctr.*, 2011 Mich. App. LEXIS 1552, (Mich. Ct. App. Sept. 6, 2011) ..................................................................................................................... vii

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ........................................................................ vii, 6

*Becker v Meyer Rexall Drug Co*, 141 Mich App 481; 367 NW2d 424 (1985) ............................. 5

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ........................................................ vii, 6

*Bletz v. Gribble,* 641 F.3d 743, 756 (6th Cir. 2011) ...................................................................... vii

*Bryant v. Oakpointe Villa Nursing Centre*, 471 Mich. 411; 684 N.W.2d 864, 871 (2004) ...... vii, 4

*Burton v Reed City Hosp Corp,* 259 Mich. App. 74, 81 (2003) ..................................................... 6

*City of Oklahoma v. Tuttle*, 471 U.S. 808, 824, (1985) ................................................................. 4

*Connick v. Thompson*, 131 S. Ct. 1350 (2011) ......................................................................... 3, 4

*Dorris v. Detroit Osteopathic Hosp Corp*., 460 Mich. 26, 46; 594 NW2d 455 (1999) .... vii, 4, 5, 6

*Erie County, Ohio v. Morton Salt, Inc.*, 702 F.3d 860, 867 (6th Cir. 2012) .................................. 7

*Jordan v. City of Detroit*, 557 F. App'x 450, 457 (6th Cir. Feb. 21, 2014) .................................. 4

*Lucas v. Awaad*, 299 Mich. App. 345, 359-63, 830 N.W.2d 141 (2013) ......................... vii, 4, 5, 6

*Mann v. Helmig*, 289 F. App'x 845, 851 (6th Cir. July 16, 2008) ................................................ 4

*Martin v. Overton*, 391 F.3d 710 (6th Cir. 2004) ....................................................................... 6

*Monell v. Department of Social Servs.*, 436 U.S. 658, 663 (1978) .................................................. 3

*Patterson v Kleiman*, 447 Mich 429, 433-435 (1994) ............................................................... 5

*Saltire Indus., Inc. v. Waller, Lansden, Dortch & Davis, PLLC*, 491 F.3d 522 (6th Cir. 2007) .... 6

*Scarsella v. Pollak,* 461 Mich. 547, 553, 607 N.W.2d 711 (2000) ................................................ 6

*Scheid v. Fanny Farmer Candy Shops, Inc*., 859 F.2d 434, 436 (6th Cir. 1988) .......................... 6

*Simmons v Apex Drug Stores*, Inc, 201 Mich App 253; 506 NW2d 562 (1993) ............................ 5

*Street v. Corrections Corporation of America*, 102 F.3d 810, 817-818 (6th Cir. 1996) ................ 3

*Thomas v. City of Chattanooga*, 398 F.3d 426, 432-433 (6th Cir. 2005) ................................... 3, 4

*Vanslembrouck v. Halperin*, 277 Mich. App. 558, 561; 747 N.W.2d 311 (2008) ......................... 6

**Federal Statutes**

28 U.S.C. 1915(e)(2 ............................................................................................................... 2

42 U.S.C. 1997e ..................................................................................................................... 2

600.2912d ............................................................................................................................... 6

**Michigan Statutes**

MCL § 600.2912b ................................................................................................................... 6

*MCL § 600.2912d* ................................................................................................................... *6*

## INDEX OF EXHIBITS

**EXHIBIT A**  Correspondence to Plaintiff dated May 18, 2017.

**EXHIBIT B**  *Lucas v. Awaad*, 299 Mich. App. 345, 359-63, 830 N.W.2d 141 (2013)

**EXHIBIT C**  *Adam v. Sisters of Bon Secours Nursing Care Ctr.*, 2011 Mich. App. LEXIS 1552, 2011 WL 3903146 (Mich. Ct. App. Sept. 6, 2011)

**EXHIBIT D**  *Dorris v. Detroit Osteopathic Hosp Corp.*, 460 Mich. 26, 46; 594 NW2d 455 (1999)

**EXHIBIT E**  *Bryant v. Oakpointe Villa Nursing Centre,* 471 Mich. 411; 684 N.W.2d 864, 871 (2004)

**EXHIBIT F**  *Burton v Reed City Hosp Corp,* 259 Mich. App. 74, 81 (2003)

**EXHIBIT G**  *Scarsella v. Pollak,* 461 Mich. 547, 553, 607 N.W.2d 711 (2000)

**EXHIBIT H**  *Vanslembrouck v. Halperin*, 277 Mich. App. 558, 561; 747 N.W.2d 311 (2008)

## **STATEMENT OF ISSUES PRESENTED**

I. WHETHER CORIZON IS ENTITLED TO DISMISSAL FOR PLAINTIFF'S FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED?

   DEFENDANT STATES:                                    YES.
   PLAINTIFF STATES:                                     NO.

II. WHETHER DEFENDANTS ARE ENTITLED TO DISMISSAL OF THE NEGLIGENCE AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIMS FOR PLAINTIFF'S FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED FOR NEGLIGENCE AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS?

   DEFENDANTS STATE:                                    YES.
   PLAINTIFF STATES:                                     NO.

## CONTROLLING/APPROPRIATE AUTHORITY FOR RELIEF SOUGHT

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Twombly*, 550 U.S. at 556. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

Allegations of intentional infliction of emotional distress in context of a professional relationship involving medical judgment sounds in medical malpractice. *Lucas v. Awaad*, 299 Mich. App. 345, 359-63, 830 N.W.2d 141 (2013) (**Exhibit B**).

Gross negligence is not a recognized cause of action in Michigan. *Bletz v. Gribble,* 641 F.3d 743, 756 (6th Cir. 2011). Rather, a claim of gross negligence in context of a professional relationship involving medical judgment sounds in medical malpractice. *Adam v. Sisters of Bon Secours Nursing Care Ctr.*, 2011 Mich. App. LEXIS 1552, (Mich. Ct. App. Sept. 6, 2011) (**Exhibit C**). "A complaint cannot avoid the application of the procedural requirements of a malpractice action by couching its cause of action in terms of ordinary negligence."*Dorris v. Detroit Osteopathic Hosp Corp*., 460 Mich. 26, 46; 594 NW2d 455 (1999) (**Exhibit D**); *see also Bryant v. Oakpointe Villa Nursing Centre*, 471 Mich. 411, 422; 684 N.W.2d 864, 871 (2004) (**Exhibit E**).

## I.   STATEMENT OF FACTS

On or about August 29, 2016, Plaintiff filed his Complaint, naming Defendants herein, alleging deliberately indifference to his medical needs under 42 U.S.C. § 1983. (**PageID.1-27**) Specifically, Plaintiff alleges that he has not been provided with timely and/or appropriate medical treatment for his asthma. **(PageID.15-26)**

In Count I, Plaintiff brings a deliberate indifference claim against Corizon alleging that Corizon "owed a duty to Michigan's prisoner population including Kitchen to exercise reasonable care and to provide sufficient medical services for the health, safety and welfare of these prisoners' serious medical needs." **(PageID.17, ¶ 109)**. Plaintiff further alleges that Corizon "deliberately and intentionally failed to meet that duty when it implemented policies, rules, regulations, customs, practices, or orders, and/or impliedly authorized, approved of, or knowingly acquiesced in the orders or actions of their employees as previously described, intended to lessen Kitchen's access to . . . medication designed to treat Kitchen for his asthma or COPD. **(PageID.17-18, ¶ 110)**.

In Count V, Plaintiff brings a claim against Corizon alleging that they are vicarious liable for the allegedly tortious acts of Defendants Grahn and Lindhout. **(PageID.23-24)**. Count VI of Plaintiff's Complaint alleges that Defendants owed Plaintiff "a duty to use reasonable care in administering medical services" and that Defendants breached this duty by allegedly "failing to permit Kitchen's access to medication needed to treat" his asthma and COPD. **(PageID.24, ¶¶ 134-137)**. In Count VII, Plaintiff brings a claim for Intentional Infliction of Emotional Distress against all of the Defendants pursuant to "Michigan's common law." **(PageID.25, ¶¶ 138-141)**.

## II.   LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Twombly*, 550 U.S. at 556. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

Under the Prison Litigation Reform Act of 1995 (PLRA), 42 U.S.C. 1997e, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. 1915(e)(2), 1915A; 42 USC 1997e(c).

A court may decide a motion to dismiss on the basis of the pleadings alone. *Song v. City of Elyria, Ohio*, 985 F.2d 840, 842 (6th Cir. 1993). In considering such a motion, the Court need not accept plaintiff's legal conclusions or "unwarranted factual inferences." *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998).

## III.   LEGAL ARGUMENT

Under the Prison Litigation Reform Act of 1995 (PLRA), 42 U.S.C. 1997e, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. 1915(e)(2); 42 USC 1997e(c).

2

Here, Plaintiff's claims against Corizon and his claims for negligence and intentional infliction of emotional distress should be dismissed because he has failed to state a claim upon which relief may be granted

### A. This Court Should Dismiss Plaintiff's Claims Against Corizon As He Has Failed To State A Claim Upon Which Relief May Be Granted.

First, Corizon cannot be held liable under the theory of *respondeat superior*. *Monell v. Department of Social Servs.*, 436 U.S. 658, 663 (1978); *Street v. Corrections Corporation of America*, 102 F.3d 810, 817-818 (6th Cir. 1996). Therefore, even if an individual agent of Corizon did act inappropriately (which Defendant strongly denies), Corizon is not liable for that individual's actions or omissions.

To state a claim of deliberate indifference against Corizon, a plaintiff must plead a claim of a policy, practice, or custom by Corizon that is allegedly unconstitutional, and that explanation must be specific, *i.e.*, "to satisfy the *Monell* requirements a plaintiff must 'identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy.'" *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987)), cert. denied, U.S., 114 S. Ct. 1219, 127 L.Ed.2d 565 (1994) (Emphasis added). *See also, Searcy v. City of Dayton*, 38 F.3d 282, 287 (6th Cir. 1994).

It is insufficient for Plaintiffs to make allegations that Corizon has or had some non-specific unconstitutional policy, practice, procedure, or protocol. Plaintiffs are required to <u>identify</u> and <u>connect</u> the allegedly unconstitutional policy to Corizon and demonstrate a <u>pattern</u>. *Connick v. Thompson*, 131 S. Ct. 1350 (2011); *Thomas v. City of Chattanooga*, 398 F.3d 426, 432-433 (6th Cir. 2005).

3

Plaintiff's Complaint contains only the vaguest and most conclusory of *Monell* allegations as they relate to his personal interaction with the Defendants as evidence to support his claims. **(PageID.17, ¶ 109).** Plaintiff has not stated a valid deliberate indifference claim against Corizon, because Plaintiff has failed to support those allegations with any <u>specific</u> facts whatsoever regarding exactly <u>what</u> the alleged unconstitutional policy, practice, procedure, or protocol was, let alone connect it to Corizon or demonstrate a pattern. *Connick v. Thompson* at 1350 (2011); *Thomas v. City of Chattanooga*, at 432-433. A single incident is insufficient is establish *Monell* liability under § 1983. *See, e.g., City of Oklahoma v. Tuttle*, 471 U.S. 808, 824, (1985) ("where the policy relied upon is not itself unconstitutional, considerably more proof than a single incident will be necessary in every case to establish both the requisite fault on the part of the municipality and the causal connection between the 'policy' and the constitutional deprivation."); *Mann v. Helmig*, 289 F. App'x 845, 851 (6th Cir. July 16, 2008) (concluding that the plaintiff could not "simply rely on one incident" to satisfy his summary judgment burden); *Jordan v. City of Detroit*, 557 F. App'x 450, 457 (6th Cir. Feb. 21, 2014) ("A single instance, without more, does not amount to a custom, policy or practice."). Accordingly, dismissal of Plaintiff's deliberate indifference claims as to Corizon is appropriate.

**B.     Plaintiff's Negligence And Intentional Infliction Of Emotional Distress Claims Should Be Dismissed Because Plaintiff Has Not Met The Procedural And Statutory Requirements For A Medical Malpractice Claim Under Michigan Law.**

Both Count VI's negligence claim and Count VII's intentional infliction of emotional distress claim fail, because they sound in medical malpractice. *Dorris v. Detroit Osteopathic Hosp Corp.*, 460 Mich. 26, 46; 594 NW2d 455 (1999) (**Exhibit D**); *Bryant v. Oakpointe Villa Nursing Centre*, 471 Mich. 411, 422; 684 N.W.2d 864, 871 (2004) (**Exhibit E**). *Lucas v. Awaad*, 299 Mich. App. 345, 359-63, 830 N.W.2d 141 (2013) (intentional infliction of emotional distress

4

sounds in medical malpractice in context of a professional relationship involving medical judgment) (**Exhibit B**). Michigan case law establishes that "[t]he key to a medical malpractice claim is whether it is alleged that the negligence occurred within the course of a professional relationship." *Dorris*, 460 Mich. at 46. "A complaint cannot avoid the application of the procedural requirements of a malpractice action by couching its cause of action in terms of ordinary negligence." *Id*. Through its subsequent opinions such as *Lucas v. Awaad*, the Michigan Court of Appeals has made it clear that this same analysis applies to claims of intentional infliction of emotional distress. *Lucas*, 299 Mich. App. at 359-63.

In *Bryant v. Oakpointe Villa Nursing Centre*, the Michigan Supreme Court set forth the test for whether a claim is based in medical malpractice (regardless of the label the plaintiff attempts to put on it). The court stated that, in determining whether the nature of a claim is medical malpractice (versus plaintiff's alternate label), one must answer two questions. First, did the alleged conduct occur within the course of a professional relationship? Second, do the allegations raise questions involving medical judgment? *Bryant*, 471 Mich. at 420.

As for the first of the two *Bryant* questions, it is undisputed that the conduct alleged against the Defendants occurred within the course of a professional relationship. The Defendants provided medical attention to Plaintiff. As to the second *Bryant* question, the allegations in Plaintiff's Complaint raise questions involving medical judgment as well. (*Id*.). Moreover, as it relates to claims involving the dispensing of medication, such claims sound in malpractice opposed to negligence. *Simmons v Apex Drug Stores*, Inc, 201 Mich App 253; 506 NW2d 562 (1993), mod by *Patterson v Kleiman*, 447 Mich 429, 433-435 (1994). *Becker v Meyer Rexall Drug Co*, 141 Mich App 481; 367 NW2d 424 (1985).

Accordingly, because the conduct alleged occurred in the course of a professional relationship, and because the allegations in the Complaint raise questions involving medical judgment, Plaintiff's negligence and intentional infliction of emotional distress claims sound in medical malpractice. *Bryant*, 471 Mich. at 42; *see also Lucas v. Awaad*, 299 Mich. App. at 359-63. Plaintiff has not met the procedural and statutory requirements for a medical malpractice claim under Michigan law.

Among Plaintiff's failures in that regard are his failure to give notice of his intent to sue and failure to file an Affidavit of Merit to support his Complaint. *See, e.g.,* MCL § 600.2912b and 600.2912d; *Burton v Reed City Hosp Corp,* 259 Mich. App. 74, 81 (2003) (**Exhibit F**) *rev'd on other grounds*, 471 Mich. 745, 691 N.W.2d 424 (2005); *Scarsella v. Pollak,* 461 Mich. 547, 553, 607 N.W.2d 711 (2000) (**Exhibit G**). "When a medical malpractice complaint is filed without an affidavit of merit, the complaint is ineffective..." *Vanslembrouck v. Halperin*, 277 Mich. App. 558, 561; 747 N.W.2d 311 (2008) (**Exhibit H**) *lv den*., 483 Mich. 965, 763 N.W.2d 919. The sanction for failing to comply with these requirements is dismissal. *Dorris*, 460 Mich at 47.

Moreover, Plaintiff's intentional infliction of emotional distress claims make nothing more than bare assertions of legal conclusions and offer only his own personal opinions to support his claim, which is insufficient to satisfy federal notice pleading requirements. *Saltire Indus., Inc. v. Waller, Lansden, Dortch & Davis, PLLC*, 491 F.3d 522, 526 (6th Cir. 2007) (citing *Scheid v. Fanny Farmer Candy Shops, Inc*., 859 F.2d 434, 436 (6th Cir. 1988)). This Court need not conjure up unpled facts to support conclusory allegations. *Martin v. Overton*, 391 F.3d 710 (6th Cir. 2004) (internal citation omitted). Conclusory claims, such as this one, are subject to dismissal. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555; *Erie County, Ohio v.*

*Morton Salt, Inc.*, 702 F.3d 860, 867 (6th Cir. 2012). For these reasons, the negligence, and intentional infliction of emotional distress, claims fail, and, this Court should dismiss them.

### IV. CONCLUSION

WHEREFORE, Defendants CORIZON HEALTH, INC.; COREY GRAHN, N.P.; and ANDREA LINDHOUT, N.P., respectfully requests that this Honorable Court grant Defendants' Motion, dismiss all of the claims against Corizon and Counts VI and VII with prejudice, and provide any and all such other relief as the Court deems just and equitable.

Respectfully submitted,
CHAPMAN LAW GROUP

Dated: May 26, 2017

/s/Ronald W. Chapman Sr.
Ronald W. Chapman Sr., M.P.A.,
LL.M. (P37603)
Carly Van Thomme (P59706)
Patrick Klida (P78737)
Attorneys for Defendant Michael Millette
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
rchapman@chapmanlawgroup.com
cvanthomme@chapmanlawgroup.com
pklida@chapmanlawgroup.com

## **PROOF OF SERVICE**

I hereby certify that on May 26, 2017, I presented the foregoing paper to the Clerk of the Court for filing and uploading to the ECF system, which will send notification of such filing to the attorneys of record listed herein and I hereby certify that I have mailed by US Postal Service the document to the involved non participants.

/s/Ronald W. Chapman Sr.
Ronald W. Chapman Sr., M.P.A., LL.M. (P37603)
Attorney for Michael Millette.
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
rchapman@chapmanlawgroup.com

8