UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL ANDREW KITCHEN,

    Plaintiff,

v.

CORIZON HEALTH
INCORPORATED, et al.,

    Defendants.
_____/

Case No. 1:16-cv-1068

HON. JANET T. NEFF

## OPINION AND ORDER

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983 involving the alleged denial of medication and treatment of Plaintiff's serious asthma condition. The MDOC Defendants filed a motion for summary judgment (ECF No. 59) based on Plaintiff's failure to exhaust administrative remedies. The Corizon Defendants filed a motion to dismiss (ECF No. 106) for failure to state a claim upon relief can be granted. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R, ECF No. 114), recommending the motions be granted in part and denied in part. The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

Plaintiff argues that the Magistrate Judge erred by "misrepresent[ing] the facts" and "mak[ing] false and disparaging remarks" toward Plaintiff (Pl. Obj., ECF No. 117 at

PageID.1118). One such misrepresentation Plaintiff notes is that the Magistrate Judge refers to Plaintiff's case as "one in a series of lawsuits that plaintiff has filed regarding his medical care" (ECF No. 114 at PageID.1079) when this is only one of two medical cases before the court (ECF No. 117 at PageID.1118). While Plaintiff has filed a number of cases with this Court—indeed Plaintiff himself states that he "has been litigating in federal courts since the early 1990's" (ECF No. 126 at PageID.1191)—he contends that only two *medical* cases are currently before this Court. However, Plaintiff acknowledges at least one other lawsuit in this district, involving a medical claim; thus, the Magistrate Judge's statement would not appear to be a misrepresentation. But even if the word "series" is inaccurate, the statement does not necessarily reflect any prejudice or bias and does not bear on any issues before the Court. Plaintiff also claims the Magistrate Judge seeks to bias the Court against the Plaintiff by implying that Plaintiff may have been abusing his rescue inhaler to get high (ECF No. 117 at PageID.1118; R&R, ECF 114 at PageID.1087) based on Plaintiff's statement of facts in his initial filing, which states, "staff employed by Defendant Corizon began claiming that Kitchen [Plaintiff] was not using his recuse inhaler appropriately" (ECF No. 1 at PageID.8). Whether "abuse" is a proper characterization of inappropriate use of Plaintiff's inhaler activity is arguable, but in any event, it likewise does not bear on the disposition of the issues before the Court. The Court takes note of Plaintiff's clarifications.

Additionally, Plaintiff objects to the Magistrate Judge's statements that his allegations against some of the MDOC Defendants in this case do not stem from their roles in prescribing medications or providing health care, but rather, their roles in responding to Plaintiff's grievances (ECF No. 117 at PageID.1118; R&R, ECF No. 114 at PageID.1089), and that Plaintiff did not "respond" to the MDOC Defendants' motion for summary judgment (ECF No. 114 at PageID.1082). This Court finds neither statement to be in error. Even if the Magistrate Judge

2

misstated or misconstrued these facts, they do not materially affect the Court's disposition of pending matters. Plaintiff's arguments in this regard fail to demonstrate any factual or legal error in the Magistrate Judge's analysis or conclusion.

Next, Plaintiff argues that the Magistrate Judge erred in recommending dismissal of Plaintiff's state law claims regarding his medical treatment because they "clearly sound in medical malpractice" (ECF No. 117 at PageID.1119; R&R, ECF No. 114 at PageID.1089). The Magistrate Judge accurately identifies Plaintiff's claims as sounding in medical malpractice, which requires an affidavit of merit signed by a health professional according to Michigan law. (R&R, ECF No. 114 at PageID.1090, citing MICH. COMP. LAWS § 600.2912d(1)). Plaintiff seeks to circumvent the prerequisites of a medical malpractice claim by arguing that his condition, medications, and appropriate dosages are "not beyond the realm of common knowledge and experience of an ordinary lay person and therefore do not sound in medical practice" (ECF No. 117 at PageID.1120). This Court is not persuaded.

Plaintiff argues that the Magistrate Judge erred in determining that claims against MDOC Defendants Langdon, Deeren, Kinder, Gregurek, Buskirk, Harbaugh, and Russell stemming from their involvement in the MDOC's grievance process fail to state a claim upon which relief can be granted (Pl. Obj., ECF No. 117 at PageID.1120; R&R, ECF No. 114 at PageID.1092). Plaintiff asks this Court to reject this recommendation, asserting that the "MDOC Defendants' actions were intended to further the policies of Defendant Corizon to deny Kitchen access to the inhalers in order to maximize cost savings at the expense of his health and safety" (ECF No. 117 at PageID.1120). However, as the Magistrate Judge noted, to establish supervisory liability, Plaintiff must prove that Defendants were personally responsible for, or actively participated in, the alleged unconstitutional actions that caused the injury (ECF No. 114 at PageID.1092). Prison officials'

failure to act does not subject supervisors to liability under § 1983 (*see id.*). Plaintiff's argument fails to demonstrate any factual or legal error in the Magistrate Judge's analysis or conclusion.

Last, Plaintiff argues that the Magistrate Judge erred by granting the MDOC Defendants' motion for summary judgment based on "false claims" that Plaintiff failed to exhaust his administrative remedies (ECF No. 117 at PageID.1120-22; ECF No. 114 at PageID.1095). According to Plaintiff, prison officials would not allow him to file grievances despite his requests for permission to do so. Plaintiff argues that these facts/denials are on the record, having been filed with his affidavit supporting his Rule 56(d) motion (ECF No. 117 at PageID.1122). On May 19, 2016, Plaintiff was notified in writing by Warden Tony Trierweiler that he was being placed on Modified Access for Grievances" for a period of 90 days till 08/20/16 in accordance with PD.0302.130" (ECF No. 117-1 at PageID.1134). While on modified status, he could request grievances from the Grievance Coordinator in writing, which must include a reasonably detailed description of the issue to be grieved (*id.*). Plaintiff asserts that "Grievance Coordinator Robinson denied all of Kitchen's requests to file these grievances. He [Robinson] simply refused to respond" (*id.* at PageID.1122). Plaintiff has not shown that the Magistrate Judge erred in concluding that he failed to exhaust his administrative remedies in light of his modified access status and the circumstances presented.

Accordingly, this Court adopts the Report and Recommendation except as noted in herein. *See* FED. R. CIV. P. 58. Because this action was filed *in forma pauperis*, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211-12 (2007).

Therefore:

4

**IT IS HEREBY ORDERED** that the Objections (ECF No. 117) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 114) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Motion to Dismiss by the Corizon Defendants (ECF No. 106) is GRANTED IN PART AND DENIED IN PART; the motion is denied only as to Plaintiff's claim for damages under 42 U.S.C. § 1983 that Defendant Corizon Health, Incorporated, through its policy, practice, or custom was deliberately indifferent to Plaintiff's serious medical needs in violation of Plaintiff's Eighth Amendment rights; the Corizon Defendants' motion is granted in all other respects.

**IT IS FURTHER ORDERED** that all Plaintiff's claims for damages against the MDOC Defendants in their official capacities are dismissed with prejudice because they are barred by Eleventh Amendment immunity; all Plaintiff's purported state-law claims for damages against the MDOC Defendants in their individual capacities are dismissed with prejudice pursuant to the statutory authority provided by 28 U.S.C. §§ 1915(e)(2) and 1915A; Plaintiff's purported federal claims for damages against MDOC Defendants Langdon, Deeren, Kinder, Gregurek, Buskirk, Harbaugh, and Russell in their individual capacities are dismissed with prejudice pursuant to the statutory authority provided by 28 U.S.C. §§ 1915(e)(2) and 1915A.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment by the MDOC Defendants (ECF No. 59) is GRANTED and all Plaintiff's claims for damages against the MDOC Defendants in their individual capacities are dismissed without prejudice

**IT IS FURTHER ORDERED** that the only remaining claims are Plaintiff's claims for damages against Nurse Practitioners Grahn and Lindhout under 42 U.S.C. § 1983 for alleged violation of Plaintiff's Eighth Amendment rights stemming from the medications they prescribed

during the period at issue for Plaintiff's asthma and COPD and Plaintiff's claim for damages against Corizon under 42 U.S.C. § 1983 for alleged violation of his Eighth Amendment rights stemming from the corporate Defendant's policy, practice, or procedure regarding the medications prescribed for Plaintiff's asthma and COPD during the period at issue.

**IT IS FURTHER ORDERED** that this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this decision would not be taken in good faith.


Dated: September 28, 2018

/s/ Janet T. Neff
JANET T. NEFF
United States District Judge