UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL KITCHEN #189265,

      Plaintiff,                                 Hon. Janet T. Neff

v.                                                   Case No. 1:16-cv-1068

CORIZON HEALTH, INC., et al.,

      Defendants.

_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Defendants' Motion for Summary Judgment (ECF No. 158) and Plaintiff's Motion to Extend Discovery Deadline (ECF No. 171). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be denied, Defendants' motion be granted, and this action terminated.

**BACKGROUND**

Plaintiff initiated this action on August 29, 2016, against Corizon Health Inc. and fourteen individuals. (ECF No. 1). At this juncture, the only claims remaining are Eighth Amendment denial of medical treatment claims against Nurse Practitioner Grahn, Nurse Practitioner Lindhout, and Corizon Health. (ECF No. 131). As the Court has previously detailed, Plaintiff's remaining claims concern his allegations that Defendants Grahn, Lindhout, and Corizon Health failed to provide him appropriate treatment for his asthma.[1]

---

[1] S*ee* 11/10/17 Report and Recommendation, ECF No. 114, as adopted by 9/28/18 Opinion and Order, ECF No. 131.

Defendants Grahn, Lindhout, and Corizon now move for summary judgment. Plaintiff responded to Defendants' motion, (ECF No. 161), but also simultaneously moved the Court to delay resolution of Defendants' motion so that he could engage in certain discovery. (ECF No. 162). The Court granted Plaintiff's motion, affording him until December 20, 2019, to conduct the discovery in question and to supplement his response to Defendants' motion. (ECF No. 169). Rather than supplementing his response, Plaintiff has instead moved for additional time to conduct discovery. As articulated herein, the undersigned recommends that Plaintiff's motion be denied and Defendants' motion for summary judgment be granted.

## **SUMMARY JUDGMENT STANDARD**

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).

While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). Where the moving party has the burden, "his showing must be sufficient for the court to

hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). The Sixth Circuit has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561. Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

### I. Plaintiff's Motion to Extend Discovery

While Plaintiff responded to Defendants' motion for summary judgment, he also moved the Court to delay ruling on Defendants' motion to permit him an opportunity to depose non-party Physician's Assistant George Johnson. (ECF No. 162). The Court granted Plaintiff's motion, affording Plaintiff until December 20, 2019, to depose Johnson and supplement his response to Defendants' motion. (ECF No. 169). Following the expiration of this deadline, Plaintiff filed the present motion requesting additional time to depose Johnson.

Plaintiff initiated this action more than three years ago and has since been afforded ample opportunity to conduct discovery. Nevertheless, the Court delayed ruling on Defendants' motion to afford Plaintiff even further time to depose Johnson. Plaintiff has failed to articulate good cause to afford him yet more time to conduct discovery. Defendants filed their motion for summary judgment more than seven

months ago and are entitled to have such resolved. Plaintiff's failure to timely obtain discovery from Johnson constitutes a lack of diligence on his part and the present motion represents a bad faith gesture by Plaintiff to further delay ruling on Defendants' motion.

Plaintiff has also failed to establish that the discovery he seeks to obtain from Johnson would alter the resolution of Defendants' motion for summary judgment. Plaintiff asserts that Johnson provided a different assessment of his medical condition and the treatment appropriate for such. (ECF No. 163-1 at PageID.1567-70). This is reflected in the medical record. (ECF No. 158 at PageID.1416-18, 1430-31). As discussed below, Defendants Grahn and Lindhout arrived at different assessments of Plaintiff's condition and the treatment appropriate for such. But, as also discussed below, this apparent disagreement regarding Plaintiff's treatment does not constitute a violation of Plaintiff's Eighth Amendment rights. Accordingly, the undersigned recommends that Plaintiff's motion be denied. *See, e.g., Prewitt v. Hamline University*, 764 Fed. Appx. 524, 531 (6th Cir., Mar. 22, 2019) (court properly denies request for additional discovery where movant, afforded ample opportunity to conduct discovery, failed to diligently pursue discovery and failed to establish that the requested discovery would result in a different disposition of the motion for summary judgment).

**II.   Defendants' Motion for Summary Judgment**

A.   Defendants Grahn and Lindhout

In his complaint, Plaintiff alleges the following. On October 29, 2015, Plaintiff was examined by Defendant Grahn. Following this examination, Grahn informed Plaintiff that he would receive refills of his Q-Var inhaler once every sixty days and

refills of his Ventolin rescue inhaler once every three months. Plaintiff had previously received more frequent refills of these medications. Plaintiff asserts that he requires refills of his rescue inhaler every thirty days. In April 2016, Defendant Lindhout cancelled Plaintiff's Q-Var inhaler and limited refills of Plaintiff's rescue inhaler to once every six months. Plaintiff alleges that Defendants' actions violated his Eighth Amendment right to be free from cruel and unusual punishment.

The Eighth Amendment's prohibition against cruel and unusual punishment applies not only to punishment imposed by the state, but also to deprivations that occur during imprisonment and are not part of the sentence imposed. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Estelle v. Gamble*, 429 U.S. 97, 101-02 (1976). Accordingly, the Eighth Amendment protects against the unnecessary and wanton infliction of pain, the existence of which is evidenced by the "deliberate indifference" to an inmate's "serious medical needs." *Estelle*, 429 U.S. at 104-06; *Napier v. Madison County, Kentucky*, 238 F.3d 739, 742 (6th Cir. 2001).

The analysis by which a defendant's conduct is evaluated consists of two-steps. First, the Court must determine, objectively, whether the alleged deprivation was sufficiently serious. A "serious medical need," sufficient to implicate the Eighth Amendment, is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008). Thus, the objective component is satisfied where a prisoner receives no treatment for a serious medical need. *See Rhinehart v. Scutt*, 894 F.3d 721, 737 (6th Cir. 2018). If, however,

the prisoner "has received on-going treatment for his condition and claims that this treatment was inadequate," he must demonstrate that his care was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness."  *Ibid.*

If the prisoner satisfies the objective component, he must then demonstrate that the defendant possessed a sufficiently culpable state of mind:

> a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Id.* at 837.

In other words, the plaintiff "must present evidence from which a trier of fact could conclude 'that the official was subjectively aware of the risk' and 'disregard[ed] that risk by failing to take reasonable measures to abate it.'"  *Greene v. Bowles*, 361 F.3d 290, 294 (6th Cir. 2004) (citing *Farmer*, 511 U.S. at 829, 847).  To satisfy this part of the analysis, the prisoner must demonstrate that the defendant acted with "deliberateness tantamount to intent to punish."  *Miller v. Calhoun County*, 408 F.3d 803, 813 (6th Cir. 2005).

To the extent, however, that a prisoner simply disagrees with the treatment he received, or asserts that he received negligent care, summary judgment is appropriate. *See Williams v. Mehra*, 186 F.3d 685, 691 (6th Cir. 1999) (citing *Estelle*, 429 U.S. at 105-06) ("[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner"); *Brown v. Kashyap*, 2000 WL 1679462 at *1 (6th Cir., Nov. 1,

-7-

2000) (citing *Estelle*, 429 U.S. at 106) ("allegations of medical malpractice or negligent diagnosis and treatment" do not implicate the Eighth Amendment); *Mingus v. Butler*, 591 F.3d 474, 480 (6th Cir. 2010) (to prevail on an Eighth Amendment denial of medical treatment claim, "the inmate must show more than negligence or the misdiagnosis of an ailment"); *Robbins v. Black*, 351 Fed. Appx. 58, 62 (6th Cir., Nov. 3, 2009) ("mere negligence or malpractice is insufficient to establish an Eighth Amendment violation").

There is no dispute that Plaintiff suffers from asthma. There is likewise no dispute that Plaintiff has received extensive treatment for such. (ECF No. 158 at PageID.1401-87; ECF No. 161 at PageID.1528-54). A review of this evidence reveals that Defendants are entitled to summary judgment.

On October 29, 2015, Defendant Grahn examined Plaintiff. (ECF No. 158 at PageID.1402-06). A physical examination revealed that Plaintiff's lungs were "clear" and his respiratory effort "normal." (*Id.* at PageID.1403). Grahn reported that Plaintiff was experiencing "mild persistent" asthma which was under "good" control. (*Id.* at PageID.1402-04). X-rays of Plaintiff's chest taken on March 10, 2016, revealed "no active pulmonary disease." (*Id.* at 1443).

On April 19, 2016, Plaintiff was examined by Defendant Lindhout. (*Id.* at PageID.1456-58). The results of the examination were unremarkable and Lindhout noted that Plaintiff's asthma was under "good" control. (*Id.*). On July 9, 2016, Plaintiff reported to healthcare "holding his chest." (*Id.* at PageID.1471). He reported that he was experiencing "trouble breathing." (*Id.* at PageID.1468). He exhibited "poor effort" on respiratory testing and was observed "laughing and joking with nursing and custody

[staff] during [his] evaluation." (*Id.* at PageID.1471). He requested a refill of his inhaler, but was instructed that he was using it too frequently.[2] (*Id.*).

The evidence does not support any argument that Plaintiff was denied treatment. Rather, as Plaintiff makes clear in his pleadings, he simply disagrees with the judgment and treatment decisions of his care providers. Specifically, Plaintiff argues that he should have been provided more frequent refills of his asthma inhalers. Plaintiff may disagree with Defendants' medical judgment and treatment decisions and even consider such to constitute malpractice, however, such fails to implicate the Eighth Amendment. Furthermore, Plaintiff cannot demonstrate that the care he received was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Accordingly, the undersigned recommends that Defendants Grahn and Lindhout are entitled to summary judgment.

B.  Defendant Corizon Health

Plaintiff alleges that Corizon violated his rights by implementing a policy pursuant to which his access to medication and treatment was restricted. Corizon is not vicariously liable for the actions of its employees and, therefore, "may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005) (quoting *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978)). To impose liability against Corizon, Plaintiff must demonstrate that he suffered a violation of his federal rights "because of" a Corizon policy

---

[2] As has been recognized, "the substance in inhalers can induce a high if the device is misused." *Garvin v. Armstrong*, 236 F.3d 896, 898 (7th Cir. 2001).

or custom.  *See Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013).  Plaintiff can demonstrate the existence of such a policy or custom in one of several ways: (1) prove the existence of an illegal official policy; (2) establish that an official with final decision making authority ratified illegal actions; (3) demonstrate that there existed a policy of inadequate training or supervision; or (4) establish that there existed a custom of tolerance or acquiescence of federal rights violations.  *Ibid*.  Plaintiff has failed to present evidence that would satisfy any of these requirements.  Accordingly, the undersigned recommends that Corizon is entitled to summary judgment.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Plaintiff's Motion to Extend Discovery Deadline, (ECF No. 171), be denied; Defendants' Motion for Summary Judgment, (ECF No. 158), be granted; and this action terminated.  The undersigned further recommends that appeal of this matter would not be taken in good faith.  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                        Respectfully submitted,

Date January 7, 2020                 /s/ Phillip J. Green
                                        PHILLIP J. GREEN
                                        United States Magistrate Judge