UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL ANDREW KITCHEN,

    Plaintiff,

v.

CORIZON HEALTH INCORPORATED,
et al.,

    Defendants.
_____/

Case No. 1:16-cv-1068

HON. JANET T. NEFF

# OPINION AND ORDER

Plaintiff filed this action pursuant to 42 U.S.C. § 1983, bringing an Eighth Amendment claim for the denial of medical treatment. The remaining Defendants, Grahn, Lindhout, and Corizon Health, Inc., filed a Motion for Summary Judgment and Plaintiff filed a Motion to Extend Discovery Deadline. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation, recommending Plaintiff's motion be denied, Defendants' motion be granted, and the action terminated. The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation and Defendants' response. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

I. Plaintiff's Motion to Extend Discovery Deadline

Plaintiff argues that the Magistrate Judge erred by basing the recommendation to deny Plaintiff's motion on "clearly erroneous" factual determinations (ECF No. 175 at PageID.1624).

Plaintiff's argument is premised on an assertion that the Magistrate Judge did not cite "any" facts to support the decision, but to the extent the Report and Recommendation "suggests" facts, i.e., a lack of diligence, those facts are erroneous (*id.*). However, Plaintiff merely disagrees with the Magistrate Judge's conclusion and provides reasons for his delayed discovery (*id.*). Because Plaintiff has shown no factual errors in the Magistrate Judge's analysis, this objection is denied.

Plaintiff also argues that the Magistrate Judge's recommendation to deny his request for a discovery extension is "contrary to law" (ECF No. 175 at PageID.1625). Plaintiff asserts that the Magistrate Judge's only reason for denying Plaintiff more time to depose Johnson was that Plaintiff's motion was in "bad faith" (*id.*, citing ECF No. 174 at PageID.1616). However, the Magistrate Judge properly denied Plaintiff's motion because Plaintiff "failed to articulate good cause to afford him yet more time" and Plaintiff "failed to establish that the discovery he [sought] to obtain from Johnson would alter the resolution of Defendants' motion for summary judgment" (ECF No. 174 at PageID.1615-1616). Plaintiff fails to show any error in this analysis. The Magistrate Judge considered the applicable legal standards for motions to extend discovery and properly concluded that Plaintiff was not entitled to the requested extension of time. Therefore, Plaintiff's objection is denied.

II. Defendants' Motion for Summary Judgment

Plaintiff likewise objects to the Magistrate Judge's recommended grant of Defendants' motion for summary judgment because "the facts underlying that recommendation are clearly erroneous and the decision is contrary to law" (ECF No. 175 at PageID.1627). Plaintiff restates the facts from his argument before the Magistrate Judge and makes a conclusory statement that the Court must reject the Report and Recommendation due to "Magistrate Green's deliberate act of ignoring and/or omitting those facts" (*id.* at PageID.1628). Plaintiff's conclusory assertions

disregard the Magistrate Judge's analysis and reasoning, which appropriately considered the applicable legal standards and the record. This objection is denied.

Plaintiff next argues that the Magistrate Judge "used the wrong standard" of law to decide Defendants' motion because "this is not a disagreement about treatment" (*id*.). Plaintiff distinguishes the issue at hand as the deprivation of medicine rather than inadequate medical treatment (*id*.). However, the Magistrate Judge properly applied the deliberate-indifference standard with regard to deprivations of medical treatment (ECF No. 174 at PageID.1617). "The Eighth Amendment's prohibition against cruel and unusual punishment applies not only to punishment imposed by the state, but also to deprivations that occur during imprisonment and are not part of the sentence imposed" (*id*., citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), and *Estelle v. Gamble*, 429 U.S. 97, 101-02 (1976)). The Magistrate Judge concluded that "the evidence does not support any argument that Plaintiff was denied treatment" (ECF No. 174 at PageID.1620). Furthermore, to the extent Plaintiff received treatment, he could not "demonstrate that the care he received was 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness'" (*id*.). Plaintiff's argument that the Magistrate Judge used the wrong standard is without merit. This objection is denied.

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. All claims in this case having now been resolved, the Court will enter a Judgment for Defendants, consistent with this Opinion and Order. *See* FED. R. CIV. P. 58. Because this action was filed *in forma pauperis*, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211-12 (2007).

Therefore:

**IT IS HEREBY ORDERED** that Plaintiff's Objections (ECF No. 175) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 174) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (ECF No. 158) is GRANTED.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Extend Discovery Deadline (ECF No. 171) is DENIED.

**IT IS FURTHER ORDERED** that this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this decision would not be taken in good faith.


Dated: March 17, 2020            /s/ Janet T. Neff
                                 JANET T. NEFF
                                 United States District Judge